**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SHANE BARTH, et al., | CIVIL ACTION NO. 11-1597 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. |  |
| ARAMARK CORRECTIONAL SERVICES, LLC., et al., |  |
| Defendants. |  |

**THE PLAINTIFFS** (1) are New Jersey citizens, and (2) brought this action in state court against the defendants — Aramark Correctional Services, LLC ("ALLC"), Peter Aleman, and Velma Jordan — to recover damages for personal injuries ("Injuries") suffered by the plaintiff Shane Barth ("Barth") on or about March 4, 2010, while he was working as a corrections officer.  (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.)  The defendants removed the action under 28 U.S.C. § ("Section") 1332.  (Rmv. Not.)

**ALLC'S CITIZENSHIP**

ALLC alleges that it "is a Delaware limited liability corporation and is a citizen of . . . Pennsylvania with its principle [sic] place of business located in . . . Pennsylvania".  (Id. at 3.)  ALLC thus fails to allege its own citizenship because it is a limited liability company, which is (1) an unincorporated association, and (2) deemed to be a citizen of each state in which its members are citizens, not the states in which it was formed or

has its principal places of business.  See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418-20 (3d Cir. 2010).  To determine a limited liability company's citizenship, each member's name must be specifically alleged and the citizenship of each membership layer must be traced and analyzed.  Id. at 420; see S. Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320 (3d Cir. 2006) (stating citizenship must be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation that is based upon information and belief "does not convince the Court that there is diversity among the parties").  Therefore, ALLC has failed to allege jurisdiction under Section 1332, and the action could be remanded for this reason alone.

**ALEMAN AND JORDAN**

The pleadings contain allegations that (1) Barth was in a detention center's "kitchen area" ("Kitchen") managed by ALLC, Aleman, and Jordan, (2) ALLC, Aleman, and Jordan "individually and jointly" created a dangerous condition ("Condition") in the Kitchen that caused the Injuries, (3) Aleman and Jordan were employed by ALLC when the Injuries were sustained, and (4) Jordan "is employed by [ALLC] as its food service director" overseeing the Kitchen.  (Compl. at 1-2; Rmv. Not. at 2-3.)

Aleman and Jordan are New Jersey citizens.  (Rmv. Not. at 3.) Thus, complete diversity is lacking on the face of the pleadings. See 28 U.S.C. § 1332(a)(1); Lincoln Prop. Co. v. Roche, 546 U.S.

2

81, 89 (2005). But the defendants allege that Aleman and Jordan were fraudulently joined by the plaintiffs in an attempt to defeat the requirement. (Rmv. Not. at 3.) The defendants allege that even though Jordan managed the Kitchen for ALLC when the Injuries occurred, Jordan "has no independent liability in this matter as she was an agent, servant and employee of [ALLC] at the time of this incident and was acting within the course and scope of her employment". (Id.) The defendants also allege that even though Aleman was employed by ALLC when the Injuries occurred and has been personally served with process (id. at 2), he (1) "was transferred . . . in January of 2010", and (2) "has no independent liability and is being sued in this capacity as an agent, servant and/or employee of [ALLC]". (Id. at 3.)

Assuming that ALLC's citizenship had been properly shown and it was not deemed to be a citizen of, among other states, New Jersey, the plaintiffs would have fraudulently joined Aleman and Jordan if they named them solely to defeat removal under Section 1332. See Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985). Such an allegation has merit only if the plaintiffs have no (1) reasonable basis in fact or colorable ground to support the claims

against Aleman and Jordan, or (2) real intention in good faith to prosecute the action against them. Boyer, 913 F.2d at 111. The Court — as to the issue of fraudulent joinder — must (1) resolve in the plaintiffs' favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that Aleman or Jordan were properly joined if there is "even a possibility" that a state court would find that the Complaint states a claim against either one of them. Id. For Aleman and Jordan to be found to be fraudulently joined, the claims asserted against them must be "wholly insubstantial and frivolous". Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment. See Briscoe, 448 F.3d at 217-18 (stating district court cannot delve into claim's merits in a fraudulent joinder inquiry); Batoff, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue). An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder". Batoff, 977 F.2d at 852. As a fraudulent joinder analysis is not as "penetrating", the rejection of a

4

fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment. Id. at 852-53.

The plaintiffs have not fraudulently joined Jordan, as the claims against her are not wholly insubstantial and frivolous. The Complaint alleges that Barth suffered Injuries due to a Condition created by Jordan in the Kitchen overseen by Jordan, and the defendants admit that Jordan was employed to oversee the Kitchen at the time. Also, the plaintiffs' allegation that Jordan could be held individually liable is not wholly insubstantial and frivolous. See Printing Mart - Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 762 (1989) (stating that employee who performs an allegedly tortious act may still be individually liable, even if she was acting on employer's behalf and realized no personal benefit). The claims against Aleman are also not wholly insubstantial and frivolous, as (1) he was employed by ALLC when the Injuries were sustained, (2) he could be held individually liable as an employee, and (3) discovery may reveal that the small gap of time alleged by the defendants between Aleman's work at the Kitchen and the Injuries is not accurate.

It is also reasonable for the plaintiffs to name all those who may be responsible for the Injuries, as the failure to do so could give rise to a potential statute of limitations issue. Cf. Brown, 575 F.3d at 327 (noting that limitations defense may be

5

considered in connection with fraudulent joinder inquiry).  The plaintiffs have also demonstrated an intention to proceed against these individual defendants, as Aleman has been personally served with process.  See Abels, 770 F.2d at 32 (stating action naming "Doe defendants" survived fraudulent joinder analysis, as plaintiff was endeavoring to proceed against them and conduct discovery).

It may be that the claims asserted against Aleman and Jordan would not withstand a motion to dismiss on the merits.  That concern, however, is not relevant here.

## THE ACTION WILL BE REMANDED

The Court will remand the action, as (1) the defendants have failed to properly allege ALLC's citizenship, and (2) Aleman and Jordan have not been fraudulently joined.  See 28 U.S.C. §§ 1446(a), 1447(c).  The Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

**Dated:**  May 2, 2011